915 F.2d 1575
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Austin C. SZYMANKIEWICZ, Plaintiff-Appellant,
v.
Willie ESTHERS, Captain Tibbets, and Nancy Wright,
Defendants-Appellees.
 No. 89-2646.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1990.*
Decided Oct. 3, 1990.
 
 Before CUMMINGS and WOOD, JR., Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff-appellant Szymankiewicz, along with co-plaintiff Sanchez, filed a Sec. 1983 action alleging that prison officials violated their constitutional rights by opening legal mail addressed to Sanchez outside of his presence. The court held that plaintiffs had failed to allege any threat of future or ongoing injury which precluded injunctive or declaratory relief. Because plaintiffs did not seek damages, the district court dismissed the action under Fed.R.Civ.P. 12(b)(6).
 
 
 2
 The legal mail which formed the basis for the action concerned a lawsuit being brought by Sanchez and Szymankiewicz regarding asbestos conditions in the prison. The packet opened by the prison officials contained the complaint as well as exhibits, which were asbestos samples from the prison. The prison officials returned the documents to Sanchez, but they retained the asbestos samples as contraband and provided Sanchez with a receipt for them. Sanchez and appellant Szymankiewicz filed a Sec. 1983 action in the district court alleging that the actions of the officials violated the First and Fourteenth Amendments, and sought injunctive and declaratory relief. The district court held that plaintiffs lacked standing because they alleged no ongoing or future injury, and Szymankiewicz appealed.
 
 
 3
 Injunctive and declaratory relief is precluded unless plaintiffs can demonstrate an ongoing injury or a threat of future injury. Absent such a showing, plaintiffs cannot satisfy the "case or controversy" requirement of Article III. Golden v. Zwickler, 394 U.S. 103, 109 (1969); Davis v. Mutual Liberty Ins. Co., 871 F.2d 1134, 1137 n. 3 (D.C.Cir.1989). Moreover, this threat may not be purely speculative or contingent, but must be definite. In this case, plaintiffs sought the following relief: (1) a declaratory judgment that the acts of the defendants violated plaintiffs' constitutional rights; (2) an injunction preventing defendants from continuing the practice of opening legal mail outside the presence of the inmate; and (3) a "production order" requiring defendants to produce the exhibits for inspection. As is evidenced by the relief requested, plaintiffs challenged both the opening of the mail outside the presence of Sanchez and the alleged refusal to return the asbestos exhibits to the plaintiffs.
 
 
 4
 The former claim cannot satisfy the case or controversy requirement because it does not allege any threat of future injury. In fact, plaintiffs portrayed this incident in which the legal mail was opened as an isolated exception to the general custom of the prison. As a result, the pleadings do not present any threat of repetition or future injury regarding the opening of legal mail.
 
 
 5
 In addition, plaintiffs are not entitled to injunctive or declaratory relief for the alleged refusal of the officials to return the asbestos exhibits. The First Amendment right of access to the courts is not implicated in this case until plaintiffs attempt to recover the asbestos exhibits for use in their litigation. Plaintiffs do not allege that the exhibits did not constitute contraband, or that the contraband policy under which they were confiscated was itself violative of the First Amendment. Therefore, the First Amendment is only implicated if the officials interfere with plaintiffs ability to use the exhibits in their litigation. Plaintiffs, however, have not alleged that the officials have refused to provide the exhibits when requested in the course of litigation. If the officials refuse to produce the exhibits in plaintiffs' asbestos litigation, the First Amendment will be implicated and plaintiffs may raise the issue at that time. Accordingly, the decision of the district court dismissing the action is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record